Filed 2/11/16  P. v. Reveles CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B265177 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA032952) |
| v. | |
| RENE REVELES, | |
| Defendant and Appellant. | |

APPEAL from an order denying an application for relief brought under Penal Code Section 1203.4 of the Superior Court of Los Angeles County, Yvonne T. Sanchez, Judge.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Rene Reveles appeals from the denial of his petition for dismissal under Penal Code Section 1203.4.[1]  For the reasons stated below, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

On April 15, 1996, Reveles pled no contest to a charge of first degree burglary. The judge sentenced Reveles to the mid-term of four years, suspended execution of that sentence, and placed him on probation for a period of three years, with a number of terms and conditions.

On or about July 8, 1998, Reveles failed to appear in court and his probation was revoked and a bench warrant issued.  On November 30, 1998, Reveles appeared in court and the bench warrant was recalled, probation remained revoked and the matter was continued for a probation violation hearing.  On January 15, 1999, Reveles appeared in court and admitted the probation violation.  The trial judge found Reveles in violation of probation, but reinstated his probation subject to additional terms and conditions.  There is no further evidence in the record that Reveles did not complete his probationary term.

On April 13, 2015, Reveles submitted a petition for dismissal.  On that form, petitioner listed his address as the Federal Correctional Institution in Herlong, California. In conjunction with that petition, Reveles submitted a statement of assets, a declaration regarding his ability to pay for the petition and order for expungement, and a motion for appointment of counsel.  In his motion for appointment of defense counsel, petitioner stated that he "is a Federal inmate and is still serving a Sentence . . . ."  Petitioner also expressly waived his right to appear and to have an attorney present, if there were such rights.

On June 4, 2015, the court heard the petition.  Defendant was represented by counsel and he argued that the defendant had not been sent to state prison on the charge on which he sought dismissal.  Despite that fact, the court still found him ineligible and denied his petition.  Defendant filed a timely notice of appeal.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

**CONTENTIONS**

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record.  By notice, the clerk of this court advised Reveles to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider.  On January 4, 2016, Reveles submitted a supplemental brief.  He asserts that he was never sent to state prison for case number VA032952 and, therefore, remand is warranted for the trial court to reconsider his petition.

**REVIEW ON APPEAL**

We have examined the entire record and reviewed the relevant authority.  As expressly provided in Penal Code Section 1203.4, the right granted under this provision is not available *if the defendant is then serving a sentence for any offense*.  (Pen. Code, § 1203.4.)  As admitted by petitioner, he is currently serving a federal sentence.  We are satisfied that counsel has complied fully with counsel's responsibilities.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

JONES, J. [*]

We concur:

EDMON, P. J.

ALDRICH, J.

---

[*]  Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.